67 So.2d 318

**ROBINSON v. STATE.**

8 Div. 291.

Court of Appeals of Alabama.

Sept. 8, 1953.

Paul T. Gish, Jr., Athens, for appellant.

Si Garrett, Atty. Gen., and Arthur Joe Grant, Asst. Atty. Gen., for the State.

PRICE, Judge.

Defendant was charged, under Section 98, Title 29, Code 1940, with illegal possession of prohibited liquors. Upon the trial in the Limestone County Court he was found guilty and fined $500 by the jury. As additional punishment the court imposed a sentence of three months hard labor in the State penitentiary for the use of Limestone County.

The officers, Mr. Carl Edgeman and Mr. Foster Henderson, followed immediately behind defendant and another as they drove into a driveway from the Elkmont road. Defendant was still under the steering wheel of the automobile when the officers stopped. They searched the car and found in the trunk and on the floor board between the seats eleven cans, some of them five gallon jacket cans and some were the type used for soft drink syrup. There was a small amount of whiskey in each can. The officers drained three of them into a bottle, obtaining about a half pint of whiskey. After proper predicates were laid the officers testified defendant first said he didn't know the cans were in the automobile, then said he just picked them up and they were not his. The officers stated the automobile belonged to Al Witchard.

When the State had rested defendant filed a motion to exclude the evidence. The court overruled the motion and defendant duly excepted.

No evidence was introduced in defendant's behalf.

 This evidence presented a question for the jury's determination and was ample, if believed beyond a reasonable doubt, to sustain the verdict and judgment of conviction. No error resulted in the court's action in overruling the motion to exclude the evidence, nor in denying the motion for a new trial.

The proceedings were regular in all respects and the judgment of conviction is due to be affirmed.

Section 325 of Title 15, Code 1940, provides "in all cases in which the imprisonment or sentence to hard labor is twelve months or less, the party must be sentenced to imprisonment in the county jail, or to hard labor for the county." The cause is remanded for proper sentence in accordance with the statute.

Affirmed.

Remanded for proper sentence.